CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 26, 2017

LETTER TO COUNSEL

RE: *Sharon Whitfill v. Commissioner, Social Security Administration*;
Civil No. SAG-16-1996

Dear Counsel:

On June 9, 2016, Plaintiff Sharon Whitfill petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Whitfill's reply. (ECF Nos. 17, 20, 21). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Whitfill's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Whitfill filed claims for Disability Insurance Benefits and Supplemental Security Income in September, 2011, alleging a disability onset date of August 24, 2010. (Tr. 255-63). Her claims were denied initially and on reconsideration. (Tr. 168-72, 176-79). Ms. Whitfill's original request for a hearing was dismissed, (Tr. 125-29), but following an original appeal to this Court, the Commissioner agreed to send her case back for a hearing. (Tr. 139-40). A hearing was held on December 4, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 35-70). Following the hearing, the ALJ determined that Ms. Whitfill was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-28). The Appeals Council denied Ms. Whitfill's request for review, (Tr. 3-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Whitfill suffered from the severe impairments of "affective disorder, obesity, and contusion of the right hand." (Tr. 13). Despite these impairments, the ALJ determined that Ms. Whitfill retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant cannot crawl or climb ladders, ropes, or scaffolds; however, she can perform all other postural movements frequently. Regarding manipulative limitations, she can engage in frequent but not constant or repeated handling, fingering, and feeling. She is

limited to simple, repetitive, and routine tasks, with no more than occasional and superficial interaction with the public.

(Tr. 16).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Whitfill could perform work existing in significant numbers in the national economy and that, therefore, she was not disabled.  (Tr. 21).

Ms. Whitfill contends on appeal that the ALJ did not appropriately apply the special technique for evaluating mental impairments, and thus that the ALJ's opinion runs afoul of the Fourth Circuit's recent decision in *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656 (4th Cir. 2017).   While I agree that the ALJ erred in evaluating the opinion evidence regarding Ms. Whitfill's mental impairments, I conclude that the error was harmless and that remand is unwarranted for the reasons addressed below.

As background, at step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.,* pertain to mental impairments. *Id.* at § 12.00. Each listing therein consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs a "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* at §§ 404.1520a(c)(4), 416.920a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function." *Id.* at § 12.00(C).

Initially, I note that this case is readily distinguishable from *Patterson,* in which the ALJ utterly failed to apply the special technique to the evaluation of the claimant's mental impairments.  *See Patterson,* 846 F.3d at 662.  Instead, in this case, at step three, the ALJ applied the special technique and found that Ms. Whitfill has no restriction in activities of daily living, moderate difficulties in social functioning, and mild difficulties in concentration, persistence, or pace, and no episodes of decompensation.  (Tr. 14-15).  Due to the ALJ's analysis, I am able to review and evaluate the merits of the ALJ's application of the special technique.  Moreover, a

change in status in any single functional area, even to "marked limitations," would not result in Ms. Whitfill having met or equaled a listing.

Ms. Whitfill argues that the ALJ erred by not expressly addressing the conclusions of two non-examining State agency physicians, who found that she suffered "moderate" difficulties, instead of "mild" difficulties, in the area of concentration, persistence, or pace. (Tr. 76, 89, 105, 117). I agree that the ALJ should have addressed those medical source conclusions, and that the failure to address them constitutes error. However, it is clear that the ALJ did consider the exhibits containing those non-examining State agency physicians' opinions, and expressly assessed the physicians' conclusions regarding Ms. Whitfill's physical impairments. (Tr. 20). Moreover, in his application of the special technique, the ALJ provided a fact-based analysis of Ms. Whitfill's abilities in the area of concentration, persistence, or pace. (Tr. 15). The ALJ noted that "objective evidence indicates that the claimant's abilities to maintain concentration, persistence, or pace are only mildly affected," citing to medical records from two separate consultative examinations at which Ms. Whitfill obtained perfect scores on Mini-Mental State Exams, among other findings. *Id.* In light of the substantial evidence cited by the ALJ to support his finding of only "mild difficulties," the fact that even a finding of "moderate difficulties" would not mean that Ms. Whitfill met or equaled a listing, and the fact that the ALJ clearly reviewed, although did not discuss, the findings in question, I find that the ALJ's error in this particular case was harmless, as it did not affect the ultimate outcome of the analysis. *See Shinseki v. Sanders,* 556 U.S. 396, 407 (2009).

For the reasons set forth herein, Ms. Whitfill's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge