## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 24, 2017

LETTER TO COUNSEL

RE: *Sharon A. Whitfill v. Commissioner, Social Security Administration*;
Civil No. SAG-16-1996

Dear Counsel:

Presently pending is Plaintiff Sharon A. Whitfill's Motion to Reconsider the Court's May 26, 2017 Letter Order, which, *inter alia*, granted the Motion for Summary Judgment filed by Defendant Social Security Administration ("the Commissioner"). [ECF No. 23]. I have also reviewed the Commissioner's opposition. [ECF No. 24]. In her motion, Ms. Whitfill reiterates her assertion that the ALJ failed to properly apply the special technique for evaluating mental impairments under *Patterson v. Commissioner, Soc. Sec. Admin.*, 632 F. App'x 750 (4th Cir. 2015). [ECF No. 23]. In addition, Ms. Whitfill contends that the ALJ failed to properly assess her credibility in light of the Fourth Circuit's intervening decision in *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017). Although I still conclude that the ALJ's error under *Patterson* was harmless, I agree that the ALJ failed to properly assess Ms. Whitfill's credibility under *Lewis*. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, Ms. Whitfill's motion is GRANTED.

Beginning with the successful argument, in *Lewis*, the Fourth Circuit determined that remand was required, in part, because "[t]he ALJ's decision applied an improper legal standard to discredit [the claimant's] [credibility]." *Lewis*, 858 F.3d at 870. Specifically, the Fourth Circuit held that the ALJ improperly discounted the claimant's subjective complaints "based solely on the lack of objective evidence" supporting the claimant's assertions. *Id*. at 866. Social Security regulations do not permit an ALJ to "reject [a claimant's] statements about the intensity and persistence of [] pain or other symptoms or about the effect [those] symptoms have on [a claimant's] ability to work solely because the available objective medical evidence does not substantiate [his or her] statements." *Id*. (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)) (emphasis added); *see* SSR 96-7p, 1996 WL 374186, at *1 ("An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on her or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence."). Rather, the Fourth Circuit emphasized that the ALJ failed to "explain in her decision what statements by [the claimant] undercut [the] subjective evidence of pain as limiting [the claimant's] functional capacity." *Lewis*, 858 F.3d at 866. Accordingly, the *Lewis* Court determined that remand was necessary.

In this case, the ALJ found that Ms. Whitfill's statements regarding her symptoms were "not entirely credible." (Tr. 17). Ms. Whitfill argues that the ALJ failed to "explain in his

*Sharon A. Whitfill v. Commissioner, Social Security Administration*
Civil No. SAG-16-1996
July 24, 2017

decision what statements by [Ms. Whitfill] undercut her subjective evidence of pain," and that, therefore, remand is warranted. [ECF No. 23, p. 9]. However, the Commissioner contends that *Lewis* does not require an ALJ to support an adverse credibility finding with evidence of a claimant's own subjective statements. [ECF No. 24, p. 4]. Instead, the Commissioner argues that the support of other non-objective evidence, such as medical opinion evidence and treatment records, independently satisfies the Fourth Circuit's mandate in *Lewis*.[1] *Id.* at p. 5 (arguing that "*Lewis* has no bearing on this case because…[t]he ALJ identified other proper rationale," and citing Plaintiff's daily activities and conservative treatment records.).

Although the precise scope of the *Lewis* ruling need not be determined in the instant case, the ALJ here failed to support her adverse credibility finding with sufficient evidence. Notably, in *Lewis*, the ALJ cited some non-objective evidence to support his credibility finding. For example, the ALJ in *Lewis* noted that "the claimant reported significant but transient relief of her pain symptoms." *Lewis*, 858 F.3d 858 at (Tr. 25). The ALJ also noted that "the claimant stated that her left upper extremity shakes but noted no other problems with the functioning of her arms or legs." *Id.* at (Tr. 26). The ALJ further noted that, although "the claimant reported ongoing pain that was 10/10 in severity," she "denied numbness, tingling, or weakness." *Id.* Moreover, the ALJ noted that "the claimant reported significant [post-operative] improvement in her symptoms within 24 hours," conceded "that the numbness and tingling of her hand was gone," and admitted "occasional help with offered injections." *Id.* at (Tr. 27). Furthermore, the ALJ noted that, "[i]n spite of her ongoing pain," the claimant admitted that she "retain[ed] the capacity to take care of most personal needs, drive short distances of up to 30 miles, shop for groceries with the assistance of her mother or roommate, handle her finances, and watch television." *Id.* at (Tr. 28). Nevertheless, the Fourth Circuit deemed the ALJ's opinion deficient.

In the instant case, the ALJ provided even less evidence in support of his credibility finding than the ALJ in *Lewis*. The ALJ failed to cite any "statements by [Ms. Whitfill] undercut[ting] [the] subjective evidence of pain intensity[.]" *Lewis*, 858 F.3d at 866. Instead, the ALJ noted that Ms. Whitfill consistently alleged disabling pain since her disability onset date in 2010, and "continually sought treatment for her complaints." (Tr. 17); *see id.* (noting that the record indicates that [Ms. Whitfill] continued to complain of constant pain, rating it between four to eight on a scale of one to ten[.]"). The Commissioner contends that the ALJ's discussion of Ms. Whitfill's daily activities and "conservative" treatment history provide sufficient non-objective evidence to support an adverse credibility determination. However, the ALJ failed to explain how Ms. Whitfill's statements regarding her daily activities were inconsistent with her allegations of pain. (Tr. 18). Additionally, although the ALJ notes that Ms. Whitfill's "conservative" treatment history belies her allegations of pain, the ALJ concedes that "this treatment did not alleviate [Ms. Whitfill's] symptoms[.]" (Tr. 17). Moreover, in discounting Ms. Whitfill's credibility, the ALJ repeatedly and exclusively emphasized the absence of objective evidence supporting the subjective evidence of pain, in direct contravention of *Lewis*. *See*, *e.g.*, (Tr. 17) (noting that although Ms. Whitfill "complained of pain in her right hand and

---

[1] Social Security regulations define "objective medical evidence" as "medical signs, laboratory findings, or both." 20 C.F.R. §§ 404.1502(f), 416.902(k). The regulations note that "other evidence" includes a claimant's statements, medical and non-medical source opinions, medication histories, treatment records, and admitted daily activities. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

2

*Sharon A. Whitfill v. Commissioner, Social Security Administration*
Civil No. SAG-16-1996
July 24, 2017

left knee…[x]-rays were taken and revealed normal findings in the right hand, with no evidence of fracture or other osseous or soft tissue abnormality," and "[x]-rays also revealed normal findings in the left knee, with no evidence of a fracture or dislocation[.]"); *id.* (noting that, "[e]ven though [Ms. Whitfill] continued to complain of symptoms from this incident, physical examinations showed largely normal findings, with pain on palpitation of the right hand and slight muscle wasting noted on the right hand, but also normal (and sometimes excellent) range of motion and normal gait and station."); *id.* (noting that, although Ms. Whitfill claimed her "treatment did not alleviate [her] symptoms…objective findings remained mild. This suggests that [her] complaints of pain are not as intense as alleged."); (Tr. 18) (noting that "recent diagnostic imaging also suggests that [Ms. Whitfill's] complaints of pain are not as severe as claimed," and citing the absence of "fractures," "dislocations," and "arthritic changes" on x-ray images). Considering the facts of this case, including Ms. Whitfill's consistent allegations of pain, the absence of non-objective evidence supporting the ALJ's credibility finding, and the ALJ's reliance on objective evidence to discount Ms. Whitfill's subjective complaints, the ALJ failed to properly assess Ms. Whitfill's credibility under *Lewis*. Remand on this basis is therefore warranted. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate determination that Ms. Whitfill was not entitled to benefits was correct or incorrect.

Ms. Whitfill also argues that this Court erred by concluding that the ALJ's failure to evaluate the conclusions of two non-examining State agency physicians, who found that she suffered "moderate" difficulties, instead of "mild" difficulties, in the area of concentration, persistence, or pace constituted harmless error under *Patterson*. [ECF No. 23, pp. 4-5] (citing (Tr. 80, 93, 107, 119)). Specifically, Ms. Whitfill contends that, had the ALJ evaluated this opinion evidence, he would have found "moderate difficulties" in concentration, persistence, or pace, and therefore his holding would have run afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). However, Ms. Whitfill's contention requires several layers of speculation: first as to the result of the ALJ's evaluation of the opinions, and second as to the RFC assessment that would have been reached if the opinions had been considered. Regardless, while this deficiency may not warrant remand on its own, since the case is being remanded on other grounds, the ALJ should, on remand, evaluate the opinions of the State agency physicians and consider the appropriate level of limitation in the area of concentration, persistence, or pace.

For the reasons set forth herein, Ms. Whitfill's Motion to Reconsider, (ECF No. 23), is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

*Sharon A. Whitfill v. Commissioner, Social Security Administration*
Civil No. SAG-16-1996
July 24, 2017

                                                                 Sincerely yours,

                                                                        /s/

                                                Stephanie A. Gallagher
                                                United States Magistrate Judge

Case 1:16-cv-01996-SAG   Document 25   Filed 07/24/17   Page 4 of 4