UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 3, 2017

LETTER TO COUNSEL

    RE:    *Sharon A. Whitfill v. Commissioner, Social Security Administration*;
            Civil No. SAG-16-1996

Dear Counsel:

Plaintiff Sharon A. Whitfill has filed a motion seeking payment of $6,293.13 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). [ECF No. 26]. In response, the Commissioner argued that the Court should not order attorney's fees, since the Commissioner's position in the litigation was substantially justified. [ECF No. 29]. I have considered those filings, and Plaintiff's reply. [ECF No. 32]. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is DENIED.

This case presents with a highly unusual procedural history. On June 9, 2016, Plaintiff filed a complaint seeking review of the Commissioner's final decision to deny her Social Security disability benefits. [ECF No. 1]. The parties filed cross-dispositive motions, in which Plaintiff presented several arguments but did not contest the adequacy of the Commissioner's credibility determination. [ECF No. 17, 20, 21]. On May 26, 2017, following review of the parties' submissions, I entered judgment for the Commissioner. [ECF No. 22]. The following week, on June 2, 2017, the Fourth Circuit issued its decision in *Lewis v. Berryhill,* 858 F.3d 959 (4th Cir. 2017). Seven days later, on June 9, 2017, Plaintiff filed a motion for reconsideration of my order of judgment, in part relying on *Lewis* to challenge the Commissioner's adverse credibility finding. [ECF No. 23]. After reviewing that motion and the Commissioner's opposition, I granted Plaintiff's motion for reconsideration and remanded her case to the Commissioner, on the basis of *Lewis.* [ECF No. 25].

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). Under the unique procedural posture of this case, I conclude that the Commissioner's position was substantially justified. As the Supreme Court has stated, "a position can be justified even though it is not correct." *Pierce v. Underwood,* 487 U.S. 552, 565-66, n.2 (1988). Applying that standard, the Fourth Circuit has opined that "the Government will avoid paying fees as long as 'a

reasonable person could [have thought]' that its litigation position was 'correct.'" *Meyer v. Colvin,* 754 F.3d 251, 255 (4th Cir. 2014) (quoting *Pierce*, 487 U.S. at 566 n.2). The issues presented in this case, particularly as to the procedural appropriateness of a motion for reconsideration in these circumstances, were close questions, and reasonable persons could differ as to the appropriate result. Given that the Commissioner had prevailed in full in my original judgment, and that the Plaintiff had not challenged the Commissioner's credibility determination in her initial briefing, the Commissioner was substantially justified in (1) believing that it had a viable contention that the credibility argument had been waived, and (2) opposing the reconsideration of my original opinion following an intervening case which, in the Commissioner's view, did not represent a change in controlling law. Although I ultimately disagreed with the Commissioner's positions, I concede that reasonable people could differ on those close questions. Accordingly, an award of fees under the EAJA is inappropriate, and Plaintiff's motion for such an award, (ECF No. 26), is DENIED.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge